J-S74025-16

## NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JACQUIN JARON BYRD | |
| Appellant | No. 3760 EDA 2015 |

Appeal from the PCRA Order November 16, 2015
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0001939-2006

BEFORE:  OTT, J., RANSOM, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY OTT, J.:                    **FILED JANUARY 23, 2017**

Jacquin Jaron Byrd appeals, *pro se*, from the order entered November 16, 2015, in the Montgomery County Court of Common Pleas, dismissing as untimely filed his second petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  Byrd seeks relief from the judgment of sentence of an aggregate term of life imprisonment following his March 22, 2007, conviction of first degree murder, possessing an instrument of crime ("PIC") (three counts), and unsworn falsification to authorities,[2] for the January 26, 2006 death of Sarah Boone.  On appeal, Byrd argues the PCRA

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] **See** 18 Pa.C.S. §§ 2502(a), 907, and 4904, respectively.

court erred in dismissing his petition as untimely filed, and in failing to conduct an evidentiary hearing on his claims. For the reasons below, we affirm.

The facts underlying Byrd's conviction are well known to the parties, and were recounted in detail by this Court in the memorandum decision affirming Byrd's judgment of sentence on direct appeal.[3] As the PCRA court concisely stated: "[T]he Commonwealth presented overwhelming evidence at trial that, on the afternoon of January 26, 2006, [Byrd] brutally murdered twenty-four year old Sarah Boone by bludgeoning, stabbing, and possibly stomping her to death." PCRA Court Opinion, 2/17/2016, at 1-2.

On March 22, 2007, a jury returned a verdict of guilty on charges of first-degree murder, PIC, and unsworn falsification to authorities. The court sentenced Byrd, on May 25, 2007, to a mandatory term of life imprisonment for the charge of murder, three consecutive terms of one to two years' imprisonment for the charges of PIC, and a concurrent term of two years' probation for the unsworn falsification offense. Byrd filed a timely post-sentence motion challenging the weight and sufficiency of the evidence. The trial court promptly denied the motion on June 29, 2007, and Byrd filed a direct appeal.

---

[3] *See Commonwealth v. Byrd*, 953 A.2d 824 [1873 EDA 2007, 1-11] (Pa. Super. 2008) (unpublished memorandum).

As noted above, a panel of this Court affirmed the judgment of sentence on direct appeal, and the Pennsylvania Supreme Court denied Byrd's petition for allowance of appeal. *See Commonwealth v. Byrd*, 953 A.2d 824 (Pa. Super. 2008) (unpublished memorandum), *appeal denied*, 956 A.2d 431 (Pa. 2008). Thereafter, on August 28, 2009, Byrd filed a timely, counseled PCRA petition, raising numerous claims of the ineffective assistance of both trial and appellate counsel. Following an evidentiary hearing, the PCRA court denied the petition on September 13, 2010. A panel of this Court affirmed the order on appeal, and the Pennsylvania Supreme Court once again denied review. *See Commonwealth v. Byrd*, 32 A.3d 833 (Pa. Super. 2011) (unpublished memorandum), *appeal denied*, 40 A.3d 1233 (Pa. 2012).

On September 3, 2015, Byrd filed the present *pro se* PCRA petition. On September 28, 2015, the PCRA court sent Byrd notice of its intent to dismiss the petition without first conducting an evidentiary hearing pursuant to Pa.R.Crim.P. 907. Byrd did not respond to the court's Rule 907 notice. On November 16, 2015, the PCRA court entered an order dismissing the petition, and this timely appeal followed.[4, 5]

---

[4] On December 18, 2015, the PCRA court ordered Byrd to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Byrd complied with the court's directive and filed a concise statement on January 4, 2016.

*(Footnote Continued Next Page)*

- 3 -

When reviewing an order dismissing a PCRA petition, we must determine whether the ruling of the PCRA court is supported by record evidence and is free of legal error. ***Commonwealth v. Burkett***, 5 A.3d 1260, 1267 (Pa. Super. 2010). "Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record." ***Commonwealth v. Carter***, 21 A.3d 680, 682 (Pa. Super. 2011) (citation omitted).

Here, the PCRA court concluded that Byrd's petition was untimely filed. ***See*** PCRA Court Opinion, 2/17/2016.

> The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein.

***Commonwealth v. Jones***, 54 A.3d 14, 17 (Pa. 2012) (citations omitted).

---

*(Footnote Continued)* ————————————

Thereafter, Byrd filed a motion advising this Court that he was proceeding *pro se*. This Court, relying on docket entries in the trial court, mistakenly believed Byrd was represented by counsel, and entered an order on February 2, 2016, directing the PCRA court to conduct a ***Grazier*** hearing. ***See*** Order, 2/2/2016; ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998). The PCRA court responded by letter dated February 17, 2016, informing this Court that Byrd was not represented by counsel, or entitled to counsel, since this was his second PCRA petition. ***See*** Letter from PCRA Court, 2/17/2016. By Order entered March 2, 2016, this Court directed the docket be amended to reflect that Byrd was proceeding *pro se*. Order, 3/2/2016.

[5] We note the appeal was initially dismissed on May 5, 2016, when Byrd failed to file a brief. ***See*** Order, 5/5/2016. However, upon Byrd's application, this Court reinstated the appeal on June 20, 2016. ***See*** Order, 6/20/2016.

A PCRA petition must be filed within one year of the date the judgment of sentence becomes final. **See** 42 Pa.C.S. § 9545(b)(1). Byrd's judgment of sentence was final on November 25, 2008, 90 days after the Pennsylvania Supreme Court denied his petition for allowance of appeal from his direct appeal, and he failed to petition for a writ of *certiorari* in the United States Supreme Court. **See id.** at § 9545(b)(3); United States Supreme Court Rule 13. Therefore, Byrd had until November 25, 2009, to file a timely petition, and the one before us, filed nearly six years later, was manifestly untimely.

However, the PCRA provides that an otherwise untimely petition is not time-barred if a petitioner pleads and proves the applicability of one of three time-for-filing exceptions: (1) interference by government officials, (2) newly discovered evidence, or (3) a newly-recognized constitutional right which had been applied retroactively. **See** 42 Pa.C.S. §§ 9545(b)(1)(i)-(iii). Any petition invoking one of these exceptions must be filed "within 60 days of the date the claim could have been presented." **Id.** at § 9545(b)(2).

Here, Byrd contends his petition falls within the newly-recognized constitutional right exception. His overriding contention is that his sentence of life imprisonment without the possibility of parole is illegal, and violates the Equal Protection Clause because "[t]he vast majority of States, 31 to be exact, have applied parole eligibility to life term inmates for non capital cases of first degree murder on down." Byrd's Brief at 6. Byrd further claims the United States Supreme Court's decision in **Obergefell v. Hodges**, 135 S.Ct. 2584 (U.S. 2015), "expound[ed] upon general

princip[le]s of equal protection of the law that can be applied to any class of persons who are discriminated against for any reason." Byrd's Brief at 12. Although he recognizes the *Obergefell* decision considered how the equal protection clause applied to the issue of same-sex marriages, Byrd asserts:

> [T]he holding in *Obergefell* that United States Citizens who are same-sex couples and allowed to marry in some states but denied the right to marry in other States violates equal protection of the law does, in principal, equate to the fact that individuals convicted of first degree murder in the majority of States and given the privilege of parole, but individuals convicted of the exact same crime in other States, such as Pennsylvania, are denied this privilege also violates equal protection of the law.

*Id.* at 14. Furthermore, Byrd maintains he filed the instant petition within 60 days of the date the *Obergefell* decision was filed. *Id.* at 5.

Upon our review of the record, the parties' briefs, and the relevant statutory and case law, we conclude the PCRA court properly determined Byrd's petition was untimely filed, and that the *Obergefell* decision did not constitute an exception to the time-for-filing requirements. *See* PCRA Court Opinion, 2/17/2016, at 3-6 (finding (1) the instant petition was facially untimely; (2) "there is nothing in … *Obergefell* demonstrating an intention on the part of that Court to recognize a new principle of constitutional law that is to be accorded retroactive effect to criminal cases on post-conviction collateral review[;]"[6] (3) and even presuming it could apply retroactively,

---

[6] PCRA Court Opinion, 2/17/2016, at 6.

the holding in *Obergefell* relating to the rights of same-sex couples does not apply to individual convicted of first-degree murder). Accordingly, we rest upon its well-reasoned basis.

With respect to Byrd's contention that the PCRA court should have conducted an evidentiary hearing to consider, what he characterizes as, "evidence of [his] actual innocence,"[7] we remind Byrd that:

> For purposes of post-conviction proceedings an evidentiary hearing is not required when "there are no genuine issues concerning any material fact...." Pa.R.Crim.P. 909(B)(2). Furthermore, the decision whether to grant an evidentiary hearing is within the discretion of the PCRA court and will not be overturned absent an abuse of that discretion.

*Commonwealth v. Sepulveda*, 55 A.3d 1108, 1133–1134 (Pa. 2012) (some internal citations omitted). As explained above, once the PCRA court properly determined Byrd's petition was untimely filed, and that Byrd failed to plead or prove one of the timeliness exceptions, the court had no jurisdiction to review of the underlying issues raised in his PCRA petition. *See Jones*, *supra*. Accordingly, no relief is warranted.

Order affirmed.

---

[7] Byrd's Brief at 16.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>1/23/2017</u>